UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61555-CIV-ALTONAGA/Brown

**NATIONAL MARITIME SERVS., INC.**,

    Plaintiff,

vs.

**GLENN F. STRAUB** and **BURRELL SHIPPING CO., LLC**,

    Defendants.
_____ /

## ORDER

**THIS CAUSE** came before the Court on Defendant, Burrell Shipping's Motion to Dismiss [ECF No. 16], filed on October 18, 2010. Defendant, Burrell Shipping Co., LLC ("Burrell"), seeks to dismiss Count IV of Plaintiff, National Maritime Services, Inc.'s ("NMS['s]") Complaint [ECF No. 1]. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[1]

Keeping a 512-foot ship afloat and safe — even if it is in port — is an expensive venture. This case involves a dispute between NMS, a company that provides such custodial services to commercial vessels, and the Defendants, Burrell and Glenn Straub ("Straub"), the owners or beneficial owners of the *M/V Island Adventure*, a casino ship docked at Port Everglades, Florida. (*See* Compl. ¶¶ 2–5). On October 24, 2008, Straub entered into a contract with NMS for custodial services on the *M/V Island Adventure*. (*See id.* ¶ 9; *id.* Attach. 5 ("Management Authorization & Agreement") 2–3 [ECF No. 1-5]). Straub had purchased the ship eight days earlier from the United States Marshal's Service through a court-ordered auction and sale. (*See id.* ¶¶ 6–8; *id.* Attach. 3

---

[1] The allegations of Plaintiff's Complaint are taken as true.

Case No. 10-61555-CIV-ALTONAGA/Brown

("Process Receipt & Return") 1 [ECF No. 1-3]; *id.* Attach. 4 ("Order Confirming U.S. Marshal's Sale") 1 [ECF No. 1-4]).  The U.S. Marshal's Service subsequently issued the Bill of Sale to Burrell, which is owned and controlled by Straub.  (*See id.* ¶ 11; *id.* Attach. 6 ("Bill of Sale by Government Entity") 1 [ECF No. 1-6]).

Between October 27 and November 12, 2008, NMS provided goods and services valued at $298,814.46, for which it received partial payments of $184,000.00, leaving a balance due of $114,814.46 plus finance charges, or a total owing of $149,258.80 as of July 30, 2010.  (*See id.* ¶¶ 15–17, 20–22, 26–28).  Unable to collect what it is owed, NMS filed a four-count complaint on August 24, 2010 alleging breach of contract against Straub (Count I) and Burrell (Count II), and claims based on a third-party beneficiary theory (Count III) and unjust enrichment (Count IV) against Burrell.  (*See id.* ¶¶ 13–33).  Burrell now seeks to dismiss Count IV pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (*See* Mot. 2).

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual

Case No. 10-61555-CIV-ALTONAGA/Brown

allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III.  ANALYSIS

Burrell seeks to dismiss Count IV of the Complaint alleging unjust enrichment against Burrell on grounds that "[q]uasi contractual theories and contracts implied in law are not available where the parties have a written agreement." (*See* Mot. 2). Relying on *Ocean Communications, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007), Burrell maintains "'a plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.'" (Mot. 2 (quoting *Ocean Commc'n*, 956 So. 2d at 1225)). Because NMS has also alleged breach of contract against Burrell in Count II, Burrell asserts the unjust enrichment claim may not be pleaded and should be dismissed.

According to Federal Rule of Civil Procedure 8(d)(3), "A party may state as many separate claims or defenses as it has, regardless of consistency." *See also Allstate Ins. Co. v. James*, 779 F.2d 1536, 1540–41 (11th Cir. 1986); *Brookhaven Landscape & Grading Co., Inc. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982) ("Litigants in federal court may pursue alternative theories of recovery, regardless of their inconsistency."). What a party may not do, however, is "*recover* separately on inconsistent theories when one theory precludes the other or is mutually exclusive of the other." *Brookhaven*, 676 F.2d at 523 (citing *Fredonia Broad. Corp. v. RCA Corp.*, 481 F.2d 781, 801 (5th Cir. 1973)) (emphasis added). Thus, the two inconsistent counts — for breach of contract (Count II) and unjust enrichment (Count IV) — may travel together in NMS's Complaint.

Case No. 10-61555-CIV-ALTONAGA/Brown

## IV.  CONCLUSION

Based in the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1.   The Motion to Dismiss **[ECF No. 16]** is **DENIED**.

2.   Burrell must respond to the Complaint **no later than November 10, 2010**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November, 2010.

                                                 *[signature]*
                                               **CECILIA M. ALTONAGA**
                                               **UNITED STATES DISTRICT JUDGE**

cc:   counsel of record